UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN T. MORAN,

      Plaintiff,

v.                                                    CASE No. 8:13-CV-256-T-17TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

      Defendant.

_____

REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2]  Because the decision of the Commissioner of Social Security fails adequately to evaluate medical opinion evidence, I recommend that the decision be reversed and the matter remanded for further proceedings.

_____

      [1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

      [2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was forty-eight years old at the time of the administrative hearing and who has a tenth grade education, has worked as a store laborer, sales clerk, shipping order clerk, parts inspector, and forklift driver (Tr. 41-42, 60). He filed a claim for Social Security disability benefits, alleging that he became disabled due to depression, paranoid schizophrenia, and bipolar disorder (Tr. 133). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of schizoaffective disorder - bipolar type, borderline personality disorder, and a history of polysubstance abuse (Tr. 25). The law judge concluded that, with these impairments, the plaintiff has the residual functional capacity to perform medium work "except that he can only occasionally perform activities that require him to balance and can have only occasional contact with the general public and co-workers" (Tr. 27). The law judge determined that these restrictions prevented the plaintiff from returning to his past relevant work (Tr. 30). However, based upon the testimony of a

-2-

vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as conveyor feeder and sweeper/cleaner (Tr. 30-31). Accordingly, the law judge found that the plaintiff was not disabled (Tr. 31). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff attacks the law judge's decision on three grounds. Specifically, the plaintiff contends that the law judge: (1) failed properly to weigh the medical opinion evidence; (2) erred in evaluating the plaintiff's credibility; and (3) relied upon flawed vocational expert testimony. The plaintiff's first contention has merit and warrants reversal.

As indicated, the plaintiff first challenges the law judge's consideration of the medical opinions of record. In this connection, the plaintiff argues primarily that the law judge did not give proper weight to the opinion of Earl Teller, Ph.D., an examining psychologist (Doc. 12, pp. 10-13[3]). He further alleges that the law judge erred by failing to indicate what weight, if any, was assigned to "evidence that is consistent with the

---

[3]The citations will be to the page numbers added by the electronic filing at the top of Document 12.

conclusions reached by Dr. Teller," specifically a report of Michael S. Greenberg, Ph.D., and treatment notes from Directions for Mental Health, Inc. (id., p. 13).

In April 2011, Dr. Teller conducted a psychological evaluation of the plaintiff (Tr. 304-07). His impression included schizoaffective disorder, bipolar type; exhibitionism; and alcohol dependence, sustained partial remission (Tr. 307). Dr. Teller assigned the plaintiff a Global Assessment of Functioning ("GAF") score of 40, and noted that the plaintiff's highest GAF score for the past year was 40 (id.).[4] Dr. Teller said that the plaintiff "continues to experience serious and persistent mental illness, despite psychotherapeutic interventions. The prognosis is poor for future significant symptom relief. It is highly unlikely that he could maintain successful employment, even part-time, in the future" (id.).

---

[4]The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 31-40 reflects "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)" (id.).

Dr. Teller also filled out a psychological impairment questionnaire in which he assessed the plaintiff in a number of respects (Tr. 309-16). There was no evidence of limitation with the plaintiff's ability to ask simple questions or request assistance (Tr. 313), and the plaintiff was only mildly limited in his ability to understand, remember, and carry out one- or two-step instructions, and make simple work related decisions (Tr. 312-13). With respect to other matters, the plaintiff was thought to be moderately or markedly limited (Tr. 312-14). Dr. Teller further opined that the plaintiff is learning disabled and capable of tolerating only low stress (Tr. 315). The plaintiff would be absent from work more than three times a month (Tr. 316).

In a letter dated April 30, 2011, Dr. Teller stated, "I have examined the [plaintiff] and he is, in my best medical opinion, totally disabled without consideration to any past or present drug and/or alcohol use" (Tr. 317).

The law judge considered Dr. Teller's opinion, but gave it "virtually no weight" (Tr. 29). Thus, the law judge explained (id.):

> As for the opinion evidence, the undersigned notes the claimant was sent to Earl Teller, Ph.D. by his disability lawyer less than two months prior to the

hearing. (See Exhibit 10F). According to Dr. Teller, the claimant has a schizoaffective disorder, bipolar type, exhibitionism and alcohol dependence in sustained partial remission. Dr. Teller also filled out a form that stated the claimant had marked limitations in a host of areas, even areas that the claimant himself does not appear to allege are problematic. (See Exhibit 11F). Dr. Teller also submitted a form stating that, in his opinion, the claimant is "totally disabled without consideration to any past or present drug and/or alcohol use." (See Exhibit 12F). The undersigned attaches virtually no weight to these opinions. It is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather through attorney referral and in connection with an effort to generate evidence for the current appeal. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored. Moreover, the opinion is too limiting and is inconsistent with the other evidence of record.

This explanation, however, is seriously flawed.

The law judge discounted Dr. Teller's opinion mainly on the basis that it was generated at the request of counsel. In some contexts it would be reasonable for a law judge to infer that an expert was selected by counsel because it was expected that the expert would render a favorable

opinion.  Indeed, it would be naive to think that such an occurrence does not happen on a regular basis.  Accordingly, in Curle v. Colvin, 8:12-CV-2572-T-35TGW, I concluded that, under the circumstances, the law judge could reasonably think that a psychological opinion was obtained from a retained expert because it was expected to be favorable and not entirely objective.  In that case, the opinion was obtained after the administrative hearing had been conducted and while the record already contained information from two treating psychologists, one examining psychologist, two nonexamining reviewing psychologists, and the treatment notes from an ARNP (id.; Doc. 17, p. 15).

Unlike the situation in Curle where the retained report was superfluous and unnecessary, the record in this case was limited and sparse. Thus, the record at the time Dr. Teller's opinion was obtained contained only a brief report from Dr. Greenberg, which did not set forth any opinion regarding functional limitations, and some treatment notes from Directions for Mental Health, Inc.  While the record also contained opinions from two nonexamining reviewing psychologists (whose opinions differed on the important issue of concentration, persistence, or pace) (see Tr. 29), their

opinions were based on the limited information. The context of this case is that no mental health care provider who had examined the plaintiff had opined on the plaintiff's functional limitations. Consequently, it is understandable that counsel for the plaintiff, who had the burden of proving disability, would seek information on the critical issue of the plaintiff's limitations. These circumstances do not reasonably give rise to an inference that plaintiff's counsel obtained Dr. Teller's opinion only because he would provide a favorable opinion. Therefore, in the context of this case, Dr. Teller's opinion cannot be discounted due to his being retained by the plaintiff (see Doc. 12, p. 10 citing cases).

In discounting Dr. Teller's opinion, other than relying on the fact that the plaintiff procured the expert, the law judge merely said "the opinion is too limiting and is inconsistent with the other evidence of record" (Tr. 29). That vague and conclusory comment does not provide any meaningful basis upon which to conduct judicial review. The statement that Dr. Teller's opinion is "too limiting" does not explain why Dr. Teller's functional limits are being rejected.

Moreover, the plaintiff asserts with some force that there is evidence in the record that is consistent with Dr. Teller's opinion (Doc. 12, pp. 12-13). In particular, the plaintiff argues that Dr. Teller's opinion is consistent with the opinion of Dr. Greenberg, a psychologist to whom the Social Security Administration sent the plaintiff. Dr. Greenberg opined that the plaintiff had a GAF of 45, which reflects any serious symptoms or a serious impairment in social or occupational functioning. DSM-IV-TR, supra, p. 34. This is similar to Dr. Teller's assessment of a GAF of 40. Moreover, both Dr. Teller and Dr. Greenberg reported that the plaintiff could not recall any of three words or common objects within a short time span (Tr. 218, 306). This prompted Dr. Greenberg to say that the plaintiff's "immediate memory was impaired" (Tr. 218), and Dr. Teller to state that the plaintiff's "short term memory was quite poor" (Tr. 306). Notably, Dr. Teller tested the plaintiff for malingering, the results of which "indicated that he made no effort to malinger" (Tr. 305).

The plaintiff also challenges the law judge's treatment of Dr. Greenberg's opinion (Doc. 12, p. 13). The plaintiff correctly argues that the law judge had to state the weight he gave to Dr. Greenberg's opinion.

Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985). He also had to explain why he reached that decision. Id. The law judge, however, while mentioning that the plaintiff underwent a consultative examination with Dr. Greenberg (Tr. 25), did not evaluate Dr. Greenberg's opinion at all (see Tr. 29). This failure, by itself, would be sufficient to warrant reversal. Hudson v. Heckler, supra. Significantly, the Commissioner does not respond to the plaintiff's argument that the law judge erred because he did not explain the weight he gave to Dr. Greenberg's opinion (see Doc. 13, pp. 11-15).

It is appropriate to add that the law judge did not explain why he rejected the opinion by Dr. Keith Bauer, a nonexamining reviewing psychologist, that the plaintiff had a moderate limitation in concentration, persistence, or pace (Tr. 29, see Tr. 229). That opinion was important because, if the plaintiff had a moderate limitation in concentration, persistence, or pace, the residual functional capacity finding and the hypothetical question to the vocational expert would be fatally flawed. In that event, the plaintiff would have to include in the finding and question a mental functional restriction reflecting a limitation in concentration, persistence, or pace. Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1181

(11th Cir. 2011). There was no such limitation in the residual functional capacity determination or the hypothetical question.

The only evidence supporting the law judge's finding that the plaintiff had only a mild limitation in concentration, persistence, or pace was an opinion by Dr. Martha Putney, a nonexamining reviewing psychologist (Tr. 285). Notably, Dr. Putney commented that the plaintiff's "medical [history] is negative for head or brain injury" (Tr. 287). However, the record indicates that the plaintiff had suffered a head injury in a vehicle accident (Tr. 305).

Regardless, both examining psychologists concluded that the plaintiff had immediate or short-term memory problems, and that deficiency would fall into the broad mental functional area of concentration, persistence, or pace. Under these circumstances and in light of the difference of opinion between the reviewing psychologists about the degree of limitation in concentration, persistence, or pace, the law judge should have explained why he was rejecting Dr. Bauer's opinion that the plaintiff had a moderate limitation in that area.

The plaintiff, as indicated, also challenges the law judge's credibility determination and his reliance on vocational testimony. It is appropriate to pretermit consideration of those contentions. It is most likely that on remand a new decision will be entered that will contain a different discussion of those issues.

IV.

For these reasons, the decision of the Commissioner fails adequately to consider medical opinion evidence. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 23, 2013

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

-14-

of its service shall bar an aggrieved party from attacking the factual findings

on appeal.  28 U.S.C. 636(b)(1).